# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

Civil Action No. 2:12-cv-03868(FSH)(PS)

CENTURY M EDIA, LTD.,

        Plaintiff

        v.

JOHN DOES 1-944, such persons being
presently unknown participants and
members of a joint enterprise, and
SWARM #3234C, a joint enterprise

        Defendants.


PLEASE TAKE NOTICE John Doe 818 will move before this honorable court on Monday, November 5 or as soon thereafter as the Court will order for an Order granting his/her Omnibus Motion to Sever and/or Quash Subpoena and/or Issue a Protective Order.

In support of my motion, I will rely on the attached brief.

Name: John Doe 818

Address: Unlisted due to the nature of the case, in which the Plaintiff's goal is to receive the name and address of all John Doe Defendants

Date: September 28, 2012

RECEIVED
OCT 0 1 2012
AT 8:30
WILLIAM T. WALSH, CLERK M

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

Civil Action No. 2:12-cv-03868(FSH)(PS)

CENTURY M EDIA, LTD.,

        Plaintiff

        v.

JOHN DOES 1-944, such persons being
presently unknown participants and
members of a joint enterprise, and
SWARM #3234C, a joint enterprise

        Defendants.

## DEFENDANT JOHN DOE 818's OMNIBUS MOTION TO SEVER AND/OR QUASH SUBPOENA AND/OR ISSUE A PROTECTIVE ORDER AND MEMORANDUM OF LAW

I, Defendant John Doe 818, file this Omnibus Motion and move this Court to: (first) sever and

dismiss the Defendants for improper joinder, and require that Plaintiff re-file the severed cases, if

it chooses to do so, pursuant to Federal Rule of Civil Procedure 21; and/or (second) quash the

subpoena directed at Comcast and/or issue a protective order limiting the disclosures by Comcast

pending further review and argument pursuant to Federal Rules of Civil Procedure 26 and 45.

This Court should grant the relief requested.

In support, the Defendant relies on the following Memorandum of Law.

Dated: September 26, 2012

                                      Respectfully submitted,

                                      *John Doe*

                                      John Doe 818
                                      Pro se

1

## MEMORANDUM IN SUPPORT

### BACKGROUND

On September 5, 2012 I received a letter from my ISP regarding a subpoena, which included a copy of the Subpoena to Produce Documents, Information and Objects and the Order Granting Plaintiff's Motion for Early Discovery. Plaintiff, and other mass-copyright plaintiffs, harass potentially innocent individuals with threats of statutory damages and legal fees and embarrass them by naming them as defendants in actions for copyright infringement. From accounts of previous defendants of The McDaniel Law Firm and other such practices, these subpoena notifications are followed by demand letters. These letters, which often demand thousands of dollars to avoid a lawsuit, and their phone calls, which are allegedly persistent, are the reason I file this motion. For this reason, I respectfully request that I be allowed to do so without revealing my personally identifying information.

To reduce court costs while suing as many individuals as possible, Plaintiff's counsel is using improper joinders in their mass lawsuits alleging copyright infringement through BitTorrent. These lawsuits include thousands of defendants across the nation. The McDaniel Law Firm PC and associates representing Century Media, LTD. have many similar lawsuits in several states. In a BitTorrent case nearly identical to this one, *CP Productions, Inc. v. Does 1-300* case 1:2010cv06255, the court notes before dismissal:

> [I]f the 300 unnamed defendants have in fact infringed any copyrights
> (something that this court will assume to be the case, given the
> Complaint's allegations that so state), each of those infringements was
> separate and apart from the others. No predicate has been shown for
> thus combining 300 separate actions on the cheap -- if CP had sued the

2

300 claimed infringers separately for their discrete infringements, the filing fees would have totaled $330,400 instead of $350.

## STATEMENT OF FACTS

Defendant John Doe 818 (hereinafter referred to as "Doe") received a letter from Comcast Cable Communications, LLC. (hereinafter referred to as "Comcast") indicating it had received a subpoena to divulge certain information regarding Doe. Doe contends Plaintiff has improperly joined 944 individual defendants based on entirely disparate alleged acts and has caused the issuance of a Subpoena prior to the rule 26(f) conference seeking protected information as to Defendant 818's identity and anonymous online activities. Doe contends that naming subscribers as defendants and subpoenaing their identities without any factual basis is an abuse of process. Doe contends that an IP address is not equitable to a person. Doe further contends this cause poses an undue burden and breaches due process. Also, this Court should sever and dismiss the Defendants for improper joinder, and require that Plaintiff re-file the severed cases, if it chooses to do so, pursuant to Federal Rule of Civil Procedure 21. In the alternative, this Court should quash the subpoena directed at Comcast and/or issue a protective order limiting the disclosures by Comcast pending further review and argument pursuant to Federal Rules of Civil Procedure 26 and 45.

Doe can verify appropriate standing to petition this court, proven via Exhibit A, which includes a copy of the letter from Comcast (personal information redacted), a copy of the subpoena and a copy of the IP Addresses provided by Comcast. This should provide more than reasonable evidence that the Doe is a subscriber affected by the subpoena. Considering this motion is intended to block the disclosure of privileged personal information, Doe prays for

some leeway with regards to Fed. R. Civ. P. 11, particularly those requiring the filer's phone number and email address.

<strong>LEGAL ARGUM ENT</strong>

## 1. Plaintiff Has Improperly Joined 944 Individual Defendants

The Plaintiff's joinder of 944 defendants in this single action is improper and runs the risk of creating unfairness and denying individual justice to those sued. Mass joinder of individuals has been disapproved by federal courts in both the RIAA cases and elsewhere. As one court noted:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiff's works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed . . . Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants.

*BMG Music v.Does 1-203, No.Civ.A. 04-650, 2004 WL 953888, at \*1 (E.D. Pa. Apr. 2, 2004)* (severing lawsuit involving 203 defendants).

### a. Plaintiff's Claims Do Not Arise Out of the Same Transaction, Occurrence, or Series of Transactions or Occurrences

In order for parties to be joined in the same lawsuit, Rule 20 requires that the claims against them arise from a single transaction or a series of closely related transactions. Specifically:

4

Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20.

Thus, multiple defendants may be joined in a single lawsuit only when three conditions are met: (1) the right to relief must be "asserted against them jointly, severally or in the alternative"; (2) the claim must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences"; and (3) there must be a common question of fact or law common to all the defendants. *Id.*

Joinder based on separate but similar behavior by individuals allegedly using the Internet to commit copyright infringement has been rejected by courts across the country. In *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 W L 544992 (E.D.N.C. Feb. 27, 2008), the court ordered severance of lawsuit against thirty-eight defendants where each defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same violation of the law in exactly the same way. The court explained: "[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *LaFace Records*, 2008 W L 544992, at *2.In *BMG Music v. Does1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006), the court *sua sponte* severed multiple defendants in action where the only connection between them was the allegation that they used same ISP to conduct copyright infringement. See also *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAR, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla.

5

Apr. 1, 2004) (magistrate recommended *sua sponte* severance of multiple defendants in action where the only connection between them was the allegation that they used the same 1SP and P2P network to conduct copyright infringement); *BMG Music v. Does 1-203*, No.CiV.A. 04-650, 2004 W L 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order, *In re Cases Filed by Recording Companies*, filed in *Fonovisa, Inc. et al. v. Does 1-41*(No.A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v.Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. t).Does 1-11* (No.A-04-CA-703 LY); and *UMG Recordings, Inc., et al. v.Does 1-51* (No.A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), RJN Ex. A, (dismissing without prejudice all but first defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference, *Twentieth Century Fox Film Corp., et al., v. Does 1-12*, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining Does until plaintiff could demonstrate proper joinder).

The Plaintiff may argue that, unlike the RIAA cases, the allegations here are based on use of the Internet to infringe a single work with a single "unique" hash. While that accurately describes the facts alleged in this case, it does not change the legal analysis. Whether the alleged infringement concerns a single copyrighted work or many, it was committed by unrelated defendants, at different times and locations, sometimes using different services, and perhaps subject to different defenses. That attenuated relationship is not sufficient for joinder. See *BMG Music v. Does 1-203*, 2004 W L 953888, at *1.

Nor does the analysis change because the BitTorrent protocol works by taking small fragments of a work from multiple people in order to assemble a copy. Nearly all of the older protocols in the aforementioned cases work in this fashion. Kazaa, eDonkey and various Gnutella clients (such as LimeWire) have incorporated multisource/swarming downloads since 2002[1].

Discussions of the technical details of the BitTorrent protocol aside, the individual Defendants still have no knowledge of each other, nor do they control how the protocol works, and Plaintiff has made no credible allegations that any copy of the work they downloaded came jointly from any of the Doe defendants.

Joining unrelated defendants in one lawsuit may make litigation less expensive for the Plaintiff by enabling it to avoid the separate filing fees required for individual cases and by enabling its counsel to avoid travel, but that does not mean these well-established joinder principles need not be followed here.

Because improper joining of these Doe defendants into this one lawsuit raises serious questions of individual fairness and individual justice, the Court should sever the defendants and drop Does 1-944 from the case.

*See* Fed. R. Civ. P. 21.

---

[1]http://gondwanaland.com/mlog/2004/12/30/deployment-matters

### b. Internet Protocol ("IP") Addresses Do Not by Themselves Qualify as Personal Information Capable of Accurately Identifying an Individual

An IP address does not accurately identify a person. In *VPR Internationale vs. Does 1-1017* (No. 2:2011-cv-02068), Judge Harold A. Baker writes in an order denying expedited discovery:

> Plainly stated, the court is concerned that the expedited *ex parte* discovery is a fishing expedition by means of a perversion of the purpose of and intent of Fed. R. Civ. P. 23.

from an opinion in his response to an interlocutory appeal:

> In this case, not a single one of the plaintiff's 1017 potential adversaries has been identified. There is no adversarial process yet. Moreover, VPR ignores the fact that IP subscribers are not necessarily copyright infringers. Carolyn Thompson writes in an MSNBC article of a raid by federal agents on a home that was linked to downloaded child pornography. The identity and location of the subscriber were provided by the ISP. The desktop computer, iPhones, and iPads of the homeowner and his wife were seized in the raid. Federal agents returned the equipment after determining that no one at the home had downloaded the illegal material. Agents eventually traced the downloads to a neighbor who had used multiple IP subscribers' Wi-Fi connections (including a secure connection from the State University of New York). See Carolyn Thompson, *Bizarre Pornography Raid Underscores Wi-Fi Privacy Risks* (April 25, 2011)[2].

> The list of IP addresses attached to VPR'S complaint suggests, in at least some

---

[2] http://www.msnbc.msn.com/id/42740201/ns/technology_and_science-wireless/

instances, a similar disconnect between IP subscriber and copyright infringer. The ISPs include a number of universities, such as Carnegie Mellon, Columbia, and the University of Minnesota, as well as corporations and utility companies. Where an IP address might actually identify an individual subscriber and address the correlation is still far from perfect, as illustrated in the MSNBC article. The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment. VPR argues that, if served with a subpoena, the ISPs are required by law to notify each targeted subscriber and the Does may then move the court to quash the subpoenas. The potential filing of a motion to quash is no reason to abandon the adversarial process. As VPR points out, ex parte motions for expedited discovery have been granted in similar cases in other districts; among the thousands of Does in those cases, relatively few motions to quash have been filed. In at least one case, counsel has sought leave to amend the complaint to add more Doe defendants. See *Lightspeed Media Corp. v. Does 1 - 100*, Case No. 1:10-cv-05604, d/e 16 (N.D. Ill.) (seeking leave to add Does 101 - 1000 as defendants). In *Hard Drive Productions, Inc. v. Does 1 - 1000*, counsel sought leave to dismiss more than 100 Doe defendants, stating that some of the Does had "reached a mutually satisfactory resolution of their differences" with the plaintiff.

In questioning whether expedited discovery could be used to extort quick settlements, even from

people who have done nothing wrong, Judge Baker states that:

> "[t]he embarrassment of public exposure might be too great, the legal system too
>
> daunting and expensive, for some to ask whether the plaintiff VPR has competent
>
> evidence to prove its case."

*VPR Internationale vs. Does 1-1017* (No. 2:2011-cv-02068)

## 2.  Plaintiff's Subpoena is Improper and Must be Quashed

A Rule 45 subpoena must fall within the scope of proper discovery under Federal Rule of Civil Procedure 26(b)(1), which limits discovery to "any matter, not privileged, that is relevant to the claim or defense of any party in the pending action and is reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). If a subpoena falls outside the scope of permissible discovery, the Court has authority to quash or modify it upon a timely motion by the party served, or a party challenging the relevancy of, or claiming a privacy interest in, the records sought. *See* Fed. R. Civ. P. 45(c)(3). The Subpoena issued to Comcast and attached as Exhibit "A" to this Motion should be quashed pursuant to Rule 26 of the Federal Rules of Civil Procedure because: (a) Defendant challenges the legal sufficiency and legitimacy regarding Plaintiff's request for early discovery that produced the Subpoena, for which Defendant was never given notice or an opportunity to be heard, (b) naming subscribers as defendants and subpoenaing their identities without any factual basis is an abuse of process, (c) causes undue burden and (d) disregards basic fairness and due process and (e) Defendant claims a privacy interest in the records sought.

### a.  Defendant Objects to the Early Discovery that Plaintiff Seeks Through its Subpoena

Discovery is normally barred prior to the Rule 26(f) conference. *See* Fed. R. Civ. P.

10

26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation or by court order."). Courts apply this rule even when considering subpoenas issued to non-parties. *See* Case 4:11-cv-00570-RH-WCS

*Crutcher v. Fidelity Nat'l Ins. Co.*, Civ. No. 06-5273, 2007 WL 430655, *2 (E.D. La. Feb. 5, 2007).

Plaintiff has misled this Court by suggesting that it will be able to identify the Defendants through issuance of subpoenas to Comcast and other ISPs. **(Compl. ¶11.)** This suggestion is inaccurate. An IP address can only identify a subscriber to an ISP; it does not identify the specific identity of the person that actually engaged in the alleged infringing activities. To successfully identify the claimed infringers, Plaintiff would need extensive additional information that cannot be gleaned from information requested by the Subpoena. Indeed, Plaintiff's inaccurate portrayal of the facts required to identify infringers was exposed in a similar lawsuit just three months ago, *Boy Racer, Inc. v. Does 1-52*, No. 11-CV-2329-PSG (N.D. Cal. Sept. 13, 2011) (order denying further discovery; order to show cause).

### b. Abuse of Process

Mass litigation brought by music studios and their attorneys, typically working on a contingent fee basis, is designed to intimidate innocent subscribers and force them to settle – regardless of liability – simply to avoid a public accusation that they illegally downloaded music. The Plaintiffs and their attorneys are knowingly attempting to force settlement from all John Doe Defendants without any discovery or assessment of the merits, even though the Plaintiffs and counsel know that a percentage of the Defendants did not violate Plaintiff's copyright. This intentional scheme to intimidate innocent subscribers into settling groundless claims is an abuse

of process. See, *Ladd v. Polidoro*, 424 Mass. 196, 675 N.E.2d 382 (1997). The Plaintiff's goal is not only to identify the illegal downloaders. Rather, its goal is to scare subscribers into paying hush money and preventing disclosure of their identities to the Plaintiff. This purpose, to use the John Doe Complaint and expedited discovery to achieve a collateral, extortionate result, rather than the legitimate goal of learning the true identity of the downloaders, is "unreasonable and oppressive," a pre-1991 standard now incorporated into the current requirement that a subpoena must be quashed if it "subjects a person to undue burden."

Fed. R. Civ. P. 45(c)(3)(A)(iv):

The words "undue burden" in Rule 45(c)(3)(A)(iv) replace the traditional language of "unreasonable and oppressive," however, this change in the language for quashing a subpoena is semantic only, and was not intended to change existing law.

Quashing or Modifying a Subpoena, 9A Fed. Prac. & Proc. Civ. § 2463.1 (3d ed.).

The Court should quash the subpoena, which is being used to oppress innocent ISP subscribers who cannot defend themselves on the merits without publicly linking their names to illegal trafficking in music downloads.

### c.  Undue Burden

Pursuant to Fed. R. Civ. P. 45(c)(3)(A)(iv) a subpoena shall be quashed or modified if it subjects a person to undue burden. Doe asserts being subject to an undue burden in being a target of this civil action, when there is a substantial likelihood that the plaintiff will be unable to establish that Doe was actually the person responsible for any files transferred at the times alleged, or that Doe copied, distributed, or otherwise infringed on a protected work owned by the plaintiff. Furthermore, the removal of Doe's cloak of anonymity will subject him or her to intrusive public scorn as an alleged unlawful copier of music.

### d. Basic Fairness and Due Process

The Comcast Subpoena should also be quashed because it fails to sufficiently verify the validity of the information forming the basis of the request. The accuracy of the data is tenuous and unsubstantiated. Insufficient evidence has been produced for a prima facie demonstration that the investigation techniques of the plaintiff have any degree of accuracy in implicating this Doe in the alleged infringement. As it stands, the subpoena violates due process by allowing the identified Defendant to be subjected to the Plaintiff's direct discovery and/or interrogatories without being formally served the complaint, the filling of responsive pleadings by the Defendants, or a Rule 26(f) conference between parties.

### e. The Subpoena Issued by Plaintiff Seeks to Discover Protected Information and Violates the United States Constitution

The essence of the discovery sought through the subpoena at issue in this case is the identity of individuals engaged in anonymous online communication.[3] Accordingly, the First Amendment applies and Plaintiff must demonstrate its legitimate need for the information before being able to overcome the right to engage in anonymous speech. *Sinclair v. TubeSockTedD*, 596 F.Supp. 2d 128, 131 (D.D.C., 2009); see generally *Reno v. American Civil Liberties Union*, 521 U.S. 844, 870 (1997); *McIntyre v. Ohio Elections Com'n*, 514 U.S. 334, 341-43 (1995).

As noted in Sinclair, individuals engaged in anonymous online communication may be identified only if Plaintiff meets a multi-factor test designated to balance the right to seek redress for legitimate claims against the fundamental right to communicate anonymously. 596 F.Supp.

---

[3] Additionally, Defendant maintains a privacy interest in his or her identifying information on file with Comcast, and claims that it is protected information in and of itself. See *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590-91 (D. Kan. 2003) (As bank customer, defendant had a personal right with respect to its bank account records at banks which were subject of subpoenas *duces tecum* issued by plaintiff, and that right gave defendant standing to move to quash the subpoenas); *Broadcort Capital Corp. v. Flagler Securities, Inc.*, 149 F.R.D. 626 (Nonparty and defendant in securities action had standing to object to subpoena *duces tecum* of telephone company records based on claim that records were privileged, despite contention that only the served party could object).

2d at 132. In particular, Plaintiff must come forward with prima facie evidence that each particular Defendant infringed the Plaintiff's rights before that Defendant's identity is disclosed. *Id*. Here, Plaintiff fails to address the First Amendment constitutional issues raised by Plaintiff's attack on the Defendants, and Doe 818's anonymous speech, and has even failed to create a prima facie record to support its allegations that Doe 818, or any of the Defendants, engaged in or contributed to copyright infringement.

The only factual support that Plaintiff provides for the allegations in the Complaint are a list of IP addresses from which it is alleged infringing activity took place. There is no evidence of how is information was gathered. A recent study performed by the Department of Computer Science and Engineering at the University of Washington determined that "copyright holders utilize inconclusive methods for identifying infringing BitTorrent users. [The Researchers] were able to generate hundreds of DMCA take down notices for machines under [their] control at the University of Washington that were not downloading or sharing any content." Michael Piatek et al., *Challenges and Directions for Monitoring P2P File Sharing Networks –or– Why My Printer Received a DMCA Takedown Notice*, 3rd USENIX Workshop on Hot Topics in Security 2008, (July 29, 2008) http://www.usenix.org/event/hotsec08/tech/full_papers/piatek/piatek.pdf. Specifically, the article concludes:

> [W]e find that it is possible for a malicious user (or buggy software) to implicate (frame) seemingly any network endpoint in the sharing of copyrighted materials. We have applied these techniques to frame networked printers, a wireless (non-NAT) access point, and an innocent desktop computer, all of which have since received DMCA takedown notices but none of which actually participated in any P2P networks. *Id.*

Also, and as noted above, the Declaration makes no accounting for actions engaged in by

third parties using Defendants' networks. Finally, the IP address that is linked to Doe 818 is listed as being located in Atlantic Beach, FL. Doe 818 does not reside in Atlantic Beach, FL and as such the information is faulty and is possibly not the IP address for Doe 818.

Plaintiff is attempting to obtain Defendant's constitutionally protected information without even being able to create a prima facie record to support its allegations that Doe 818, or any of the Defendants, engaged in or contributed to copyright infringement. As such, the Subpoena should be quashed.

## CONCLUSION

Plaintiff's instant action is an abuse of the judicial system and nothing more than an attempt to take advantage of the 944 defendants listed in this action. Plaintiff attempts to circumvent traditional safeguards of civil procedure by joining, with tenuous allegations, defendants that share no common facts, while simultaneously avoiding contributing to the judicial system by circumventing costly filing fees.

A cursory analysis of other cases similar to this one indicates that the Plaintiff has no intention of actually pursuing a lawsuit against the defendants. Rather, the Plaintiff wants to simply threaten unsophisticated defendants with expensive litigation and the stigma of having their names tarnished by being associated with illegal downloading. This Court should not condone or permit such activity.

WHEREFORE, John Doe 818 respectfully requests that this Court:

(a) Sever and dismiss all Defendants pursuant to Federal Rule of Civil Procedure 21 and require Plaintiff to bring individual actions against each Defendant, if it chooses to do so, in the appropriate venue;

(b) Quash the Subpoena pursuant to Federal Rule of Civil Procedure 26;

(c) Enter a protective order pursuant to Rule 26 of the Federal Rules of Civil Procedure, staying all discovery in this case (and the use of any information already obtained by the Plaintiff in discovery) until such time as the interests of John Doe 818 can be heard and considered by a court of proper jurisdiction;

(d) Grant such other and further relief to which John Doe 818 may justly be entitled.

Dated: September 28th, 2012                    Respectfully submitted,

John Doe 818
Pro Se