UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CENTURY MEDIA LTD.** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Civil Action No. 12-3868 (FSH) |
| ) | |
| **SWARM 4234C, et al.** ) | |
| ) | |
| **Defendants.** ) | |

## MOTION TO DISMISS/SEVER AND TO QUASH SUBPOENA

I, John Doe 813/IP 98.220.154.217, pro se, received a letter from my Internet Service Provider to release my personal information. Pursuant to Federal Rules of Civil Procedure 20, 26, and 45 I move to dismiss/sever for improper joinder. In the alternative, John Doe 813/IP 98.220.154.217 moves to quash the third-party Subpoena.

### INTRODUCTION

1)   Plaintiff alleges that Defendant John Doe 813/IP 98.220.154.217, along with hundreds of other unrelated Doe defendants, infringed on Defendant's copyright through an Internet Protocol ("IP") address allegedly belonging to John Doe 813/IP 98.220.154.217 and the various other Doe defendants.

Plaintiff's Subpoena To Produce Document, Information or Objects (the "Subpoena") requests third-party ISP, Comcast Business Communications ("Comcast"), to disclose identifying personal information of John Doe 813/IP 98.220.154.217, as well as of other Defendants.  As explained below, the Court should sever and dismiss the Defendants for improper joinder and require that Plaintiff re-file the severed cases, if it chooses to do so, in the

appropriate venue. Alternatively, the Court should quash the subpoena precluding Plaintiff from pursuing such burdensome discovery.

2)      Cases such as this have been filed all over the country. The various plaintiffs do not initiate the case with the intention of litigating the matter, but rather, their lawyers hope to take advantage of the threat of statutory damages and the stigma associated with downloading albums and movies to induce the hundreds of potentially innocent individual defendants to settle their cases for an amount specifically designed to be less than the amount needed to retain counsel.

3)      Plaintiff's Subpoena requesting Internet Service Providers ("ISP's") to supply private and personal information relating to their subscribers is part and parcel of this systematic extortion of individual Internet users that raises serious questions of fairness, due process and individual justice.

4)      A review of the case law reveals that the various similar plaintiffs filing identical lawsuits against thousands of defendants across the country have received negative rulings. Plaintiff disregards this substantial body of case law in hopes that this Court will ignore that precedent. It should not.

5)      Plaintiff's request for personal information is overbroad, unreasonable, unduly prejudicial, not reasonably calculated to lead to the discovery of admissible evidence and is sought for the purposes of annoyance, embarrassment, harassment, oppression, undue burden and expense in violation of the Federal Rules of Civil Procedure.

6)      Accordingly, Plaintiff is not entitled to the relief sought for the following three reasons:

    a.      **FIRST**, the joinder of hundreds of Defendants per action is improper under Federal Rule 20(a), and runs the enormous risk of denying individual justice to those sued.

    b.      **SECOND**, Plaintiff's effort to identify potential infringers through an IP address

is overbroad, unreasonable, and not reasonably calculated to lead to the discovery of admissible evidence. The personal information associated with a single IP address only identifies a subscriber to the ISP's services, which could be an innocent person whose Internet access was abused by a neighbor, roommate, or other person in close proximity. It does not identify a potential infringer.

Plaintiff's subpoena should be quashed for the additional reason that it is solely sought for the purpose of annoyance, embarrassment, harassment, oppression, and undue burden or expense. Plaintiff has no intention of litigating this matter, but rather seeks to engage in a mass effort to extort settlements from potentially innocent individuals under a threat of statutory damages and the stigmatization of being associated with litigation.

7)  John Doe 813/IP 98.220.154.217 requests that the Court sever the Defendants. Furthermore, John Doe 813/IP 98.220.154.217 requests that the quash the Subpoena.

## ARGUMENT

### I.  Plaintiff's Joinder of 944 Unrelated Defendants in this Action is Improper

In its Complaint, Plaintiff improperly joined as Defendants 944 unrelated individuals. This strategy is consistent with factually identical cases filed all over the country attempting to join hundreds, if not thousands, of unrelated defendants in alleged copyright infringement actions. In almost every instance, the pertinent Court determined that joinder was improper and severed and dismissed all but the first defendant.[1] It is clear that Plaintiff is now hoping to get a

---

[1] *See, e.g., Liberty Media Holdings, LLC v. BitTorrent Swarm*, 2011 U.S. Dist. LEXIS 126333, *7-9 (S.D. Fla. Nov. 1, 2011) (severing defendants *sua sponte*); *Liberty Media Holdings, LLC v. BitTorrent Swarm*, 2011 U.S. Dist. LEXIS 135847 (S.D. Fla. Nov. 1, 2011) (severing defendants *sua sponte*); *AF Holdings, LLC v. Does 1-97*, No. C 11-3067 CW, 2011 U.S. Dist. LEXIS 126225, at 7-8 (N.D. Cal. Nov. 1, 2011) (severing defendants 2-97); *Hard Drive Productions, Inc. v. John Does 1-30*, No 2:11cv345, 2011 U.S. Dist. LEXIS, at *6-10 (N.D. Pa Nov. 1, 2011) (severing defendants 2-97); *BMG Music v. Does 1-203*, No. Civ. A. 04-650, 2004 WL 953888, at 1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D. N.C. Feb. 27, 2008) (severed lawsuit against 38 defendants); *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006) (court *sua sponte* severed defendants).

contrary ruling in this Court. However, there is no basis for this approach. A favorable ruling to the Plaintiff will almost certainly result in an avalanche of filings in this District naming thousands of defendants in actions to perpetuate the current legal strategy.

Under Rule 20(a)(2), permissive joinder of multiple defendants is appropriate where "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Where misjoinder occurs, the Court may, on just terms, add or drop a party so long as "no substantial right will be prejudiced by severance." *AF Holdings, LLC v. Does 1-97*, No. C 11-3067 CW, 2011 U.S. Dist. LEXIS 126225, *5 (N.D. Cal. Nov. 1, 2011). Here, as in the plethora of identical cases around the country, joinder is not appropriate for two reasons: (1) Defendants actions do not arise out of the same transaction or occurrence; and (2) permitting joinder would undermine Rule 20(a)'s purpose of judicial economy and trial convenience.

    a. **Use of the "BitTorrent Protocol" is Insufficient to Warrant Joinder**

Plaintiff's sole alleged basis for joinder – its explanation of the "BitTorrent Protocol" – is meritless. In fact, nothing in the BitTorrent Protocol creates a relationship amongst the hundreds of Defendants residing in all different parts of the country. As one Court concluded:

> Under the BitTorrent Protocol, it is not necessary that each of the Does 1-188 participated in or contributed to the downloading of each other's copies of the work at issue – or even participated in or contributed to the downloading by any of the Does 1-188. … The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by hundreds or thousands of individuals across the country or the world.

*Hard Drive Prods., Inc. v. Does 1-188*, 2011 U.S. Dist. LEXIS 94319, at *38-39 (N.D. Cal. Aug. 23, 2011); *On the Cheap, LLC v. Does* 1-5011, 2011 U.S. Dist. LEXIS 99831, at *10 (N.D. Cal. Sept. 6, 2011) (stating that joinder would violate the "principlesof fundamental fairness" and be prejudicial to the defendants).

### b. Joinder Undermines Judicial Economy

Joinder is also improper because it would cause severe practical problems. As one Court discussed, the disparity in factual scenarios can be great: one defendant might be an innocent parent whose internet access was abused by her minor child, while another defendant might share a computer with a roommate who infringed Plaintiff's works, and others might be actual thieves. *BMG*, 2004 WL 953888, at 1 ("[w]holesale litigation of these claims is inappropriate..."). "The manageability difficulties, procedural inefficiencies, and likelihood that Defendants will assert myriad factual and legal defenses compel [severance.]." *Pac. Century Int'l, Ltd. v. Doe*, 2011 U.S. Dist. LEXIS 124518, at *11 (N.D. Cal. Oct. 27, 2011) ("An internet-based copyright infringement case with at least 101 defendants would prove a logistical nightmare."). Allowing joinder in this case would involve 944 defendants, each potentially proceeding with counsel or pro se. *See, e.g., Hard Drive Productions v. Does 1-188*, 2011 U.S. Dist. LEXIS 94319, at 40-42 (N.D. Cal. Aug. 23, 2011) (finding Rule 20(a)'s purpose would be undermined due to the unmanageable logistics of involving the large number of defendants and their attorneys in the case, who may also present defenses specific to their individual situations, resulting in a number of mini-trials).[2]

## II. Plaintiff's Subpoena is Improper and Must be Quashed

Plaintiff's Subpoena must be quashed because it is overlybroad and unreasonable and was issued for the sole purpose annoying, harassing, embarrassing, and causing undue burden and expense.

### a. Plaintiff's Subpoena Seeks Information Relating to Innocent Individuals

Plaintiff's Subpoena improperly seeks information relating to IP addresses of individuals

---

[2] In the event that the Court severs and dismisses the Defendants, it should also require that Plaintiff only re-file in this Court if venue is proper.

that potentially have nothing to do with any infringement activities. Plaintiff improperly suggests that each Defendant is tied uniquely to a specific IP address. (*See* Complaint ¶ 11). This is not the case.

An IP address can only identify a subscriber to an ISP; it does not identify the specific identity of the person that actually engaged in the infringing activities. To successfully identify the infringer, Plaintiff would need extensive additional information that cannot be gleaned from information requested by the Subpoena. Indeed, Plaintiff's inaccurate portrayal of the facts required to identify infringers was exposed in *Boy Racer, Inc. v. Doe*, 2011 U.S. Dist. LEXIS 103550 (N.D. Cal. Sept. 13, 2011). After issuing a substantially identical subpoena and representing to the Court that each IP address corresponds to a defendant, the plaintiff there was forced to admit that this information was legally insufficient, and is really just the starting point for a far more invasive investigation. In rejecting that plaintiff's attempt to expand its discovery beyond its initial representations, the Court quoted the key admissions in the plaintiff's argument as follows:

> 'While Plaintiff has the identifying information of the Subscriber, this does not tell Plaintiff who illegally downloaded Plaintiff's works, or, therefore, who Plaintiff will name as the Defendant in this case. It could be the Subscriber or another member of his household or any number of other individuals who had direct access to Subscribers network.'

As a result,

> 'Plaintiff plans to request a limited inspection of Subscriber's electronically stored information and tangible things, such as Subscriber's computer and the computers of those sharing his Internet network, for the purpose of finding the individual that unlawfully violated Plaintiff's copyrighted works by uploading/downloading the file referenced BitTorrent, or to see whether such information has since been erased contrary to instructions by Verizon Online and Plaintiff's attorneys.'

*Id.* at 6-7 (rejecting plaintiff's discovery requests because "[p]resumably, every desktop, laptop, smartphone, and tablet in the subscriber's residence, and perhaps any residence of any neighbor, houseguest, or other sharing his Internet access, would be fair game") (internal quotation marks

and citations omitted). Thus, granting Plaintiff the form of relief that it seeks would impermissibly allow Plaintiff to subpoena ISP's to obtain the detailed personal information of unknown numbers of innocent individuals that Plaintiff could never make party to this suit and subject them to onerous, invasive discovery and/or unfair settlement tactics. *Pacific Century Int'l Ltd. v. Does 1-101*, No. C-11-02533, 2011 U.S. Dist. LEXIS 124518, *6 (N.D. Cal. Oct. 27, 2011).

### b. <u>Plaintiff's Subpoena is Designed to Improperly Embarrass Defendants into Settlement</u>

The Subpoena must be quashed for the additional reason that Plaintiff is utilizing Court procedures to extort settlements from potentially innocent individuals. These mass-copyright plaintiffs harass potentially innocent individuals with threats of statutory damages and legal fees and embarrass them by naming them as defendants in actions for copyright infringement.

Courts addressing these infringement cases have expressed concern about such abusive settlement tactics. *Pac. Century Int'l, Ltd. v. Doe, 2011*, U.S. Dist. LEXIS 124518, at *9 (N.D. Cal. Oct. 27, 2011); *On the Cheap, LLC v. Does 1-5011*, No. 10-4472-BZ, 2011 U.S. Dist. LEXIS 99831, 2011 WL 4018258, at *11 (N.D. Cal. Sept. 6, 2011) (stating that the settlement tactics result in the defendants being left with a "decision to either accept plaintiff's demand or incur significant expense to defend themselves" and such does not "comport with the 'principles of fundamental fairness.'"). The Court in *On the Cheap* recognized that the individuals identified by the ISP "whether guilty of copyright infringement or not — would then have to decide whether to pay money to retain legal assistance, or pay the money demanded[,]" which "creates great potential for a coercive and unjust 'settlement.'" *On the Cheap, LLC*, 2011 U.S. Dist. LEXIS 99831, at *11.

## **CONCLUSION**

Defendant John Doe 813/IP 98.220.154.217 requests that the Court sever and dismiss all Defendants and require Plaintiff to bring individual actions against each Defendant, if it chooses to do so, in the appropriate venue. Defendant John Doe 813/IP 98.220.154.217 further requests that the Court quash the Subpoena.

Respectfully submitted,

*John Doe 813*

JOHN DOE 813/IP 98.220.154.217
Pro Se

Eric,

Per your conversation with Ed from The Northern District of Indiana, he indicated you said you would white out the return address before making this part of the docket.

Thank you!





USPS Express Mail Flat Rate Mailing Envelope — XRAYED