## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

In the matter of

CENTURY MEDIA LTD.,

          Plaintiff,

v.

JOHN DOES 1-944, such persons being
presently unknown participants and
members of a joint enterprise, and
SWARM #4234C, a joint enterprise,

          Defendants.

Civ. Action No. 2:12-cv-03868 (FSH)(PS)

**MOTION TO QUASH OR MODIFY
SUBPOENA AND MOTION TO DISMISS**

RECEIVED

OCT 0 2 2012

AT 8:30_____
WILLIAM T. WALSH, CLERK M

## MOTION TO QUASH OR MODIFY SUBPOENA,  MOTION TO DISMISS, AND REQUEST TO FILE UNDER ANONYMOUS NAME DEFENDANT JOHN DOE

NOW COMES Pro Se John Doe (Defendant Doe), subject of a Federal civil suit filed in

the above district, who hereby files this Motion to Quash Subpoena, Motion to Dismiss, and

Request to File Under Anonymous Name Defendant John Doe and states as follows:

### I.      Introduction and Factual Background

1. On June 25, 2012, plaintiff, Century Media, LTD (Century), filed its original Complaint

    in the U.S. District of New Jersey, Newark Office, County of Essex, purporting mass

    joinder of unidentified defendants alleged to have infringed on the copyright of Century's

    music content, specifically of their "Iced Earth" band for the download of their 2011

    heavy metal album "Dystopia", through a civil conspiracy, for which each unidentified

    defendant is contributory negligent through the use of a file sharing protocol known as

    BitTorrent.

2.  On July 18, 2012, this Honorable Court entered its Order granting Plaintiff's Discovery
    Motion and allowing Century to obtain subpoenas in various jurisdictions where records
    custodians for several Internet Service Providers (ISP) may be located (Order, Exhibit C).

3.  Defendant Doe received a subpoena notification dated September 12, 2012 from
    WideOpen West (WOW) (Notification Letter, Exhibit A), informing Defendant Doe that
    pursuant to a subpoena in the referenced case to disclose certain customer information
    (name, address, telephone number and MAC address) associated with Defendant Doe's
    IP address issued by the McDaniel Law Firm, P.C.  (Subpoena, Exhibit B).

4.  Century's Complaint describes the BitTorrent technology that it claims gives rise to
    alleged concerted actions on the part of unidentified computer terminal connections, the
    operators of which are not actually known to Century.

5.  Defendant Doe pleads no relation to the allegations in Century's Complaint and seeks to
    protect his or her confidentiality.  Accordingly, Defendant Doe's timely Motion to
    Dismiss and Motion to Quash as follows:

### ARGUMENT

### II.     Motion to Quash Subpoena due to Improper Venue

Plaintiff's venue allegation is false.  Defendant Doe does not reside within the

jurisdiction of the U.S. District Court of New Jersey, nor can Defendant Doe be found within the

stated district.  On the contrary, Defendant Doe resides within the jurisdiction of the State of

Michigan.  Indeed, Defendant Doe at all times material and at present resides much more than

eight hundred (800) miles from the U.S. District of New Jersey.  Further, Defendant Doe denies

that any event that has given rise to the claims in this action occurred within the U.S. District of

New Jersey in that Defendant Doe denies participation in the alleged infringement activity complained of in Century's Complaint.

Defendant Doe would be prejudiced if Century wrongfully joined Defendant Doe, a resident within the judicial jurisdiction of the State of Michigan, with a pool of defendants alleged to reside within the judicial jurisdiction of the state of New Jersey, and obtained an order expediting discovery from a Court of improper venue and over this Defendant Doe subject to dismissal for forum non conveniens.

Venue in federal courts is governed entirely by statute. See *Shell v Shell Oil Co.,* 165 F. Supp. 2d 1096, 1102 (C.D. Cal. 2001) (citing *Leroy v Great Western United Corp.,* 443 US 173, 181 (1979)). The venue statutes are generally intended to protect a defendant from being forced to defend in an unfair or inconvenient forum. See *Leroy,* 443 U.S. at 183-184. "The requirement of venue is specific and unambiguous; it is not one of those vague principles which, in the interest of some overriding policy, is to be given a 'liberal' construction." *Olberding v Illinois Cent. R.R. Co.,* 346 U.S. 338, 30 (1953). Where venue is improper, a court must either dismiss under a motion pursuant to Federal Rule of Civil Procedure 12(b)(3) or transfer the matter to a proper venue under 28 U.S.C. § 1406.

The only available statutory basis for venue is 28 U.S.C. § 1391(a), which provides that a case based on diversity jurisdiction may be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no

district in which the action may otherwise be brought.  See 28 U.S.C. §1391(a). New Jersey does not fit any of these three criteria.

The first prong of section 1391(a) allows a suit to proceed in a judicial district where any defendant resides, if all defendants reside in the same State.  New Jersey is an improper venue for the instant lawsuit under this prong because not all of the named defendants reside in New Jersey including but not limited to Defendant Doe who resides in the State of Michigan.

The second prong of Section 1391(a) allows a suit to proceed in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.  Plaintiff's choice of venue does not satisfy this criterion.  In fact, the alleged infringement may have occurred in several various states and does not allege that a substantial part of the events that produced this filing occurred in the state of New Jersey.  Because little to none of the operative facts are alleged to have occurred in New Jersey, this State is not a proper venue for this lawsuit.

The final prong of Section 1391(a) allows for venue in a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.  Here, there is another judicial district in which this action may have been brought, i.e., the U.S. District Court of Michigan.  Therefore, the Plaintiff cannot avail himself of Section 1391(a)(3) in an effort to defend his choice of venue. Defendant Doe lives more than eight hundred (800) miles away from the court in which this lawsuit is proceeding and to require Defendant Doe to defend against such allegations and travel to the state of New Jersey for trial favors dismissal for forum non conveniens.  This factor alone tips the balance in favor of Defendant Doe.  Century can proceed to sue Defendant Doe in the alternate forum, which is proper jurisdiction, without undue inconvenience or prejudice.  Venue is improper and this action should be dismissed as to Defendant Doe for forum non conveniens.

### III.   Motion to Quash Subpoena

WideOpen West (WOW) has set October 7, 2012 as an internal deadline by which

Defendant Doe may object to the disclosure of his or her confidential information under the

Subpoena.  (See Exhibit A).  Indeed, this filing is Defendant Doe's timely objection to such

disclosure.

### A. Release of the Subpoena Information Would Unduly Prejudice Defendant Doe.

The Subpoena, as noted in paragraph 3 above, commands WOW to disclose to Century

Defendant Doe's "name, address, telephone number, and MAC address" associated with

Defendant Doe's IP address.  Century has failed to demonstrate a good faith purpose for seeking

this otherwise confidential information via expedited discovery request.

The information provided in an order dated July 18, 2012, that the Plaintiff who motioned

the court be able "to expedite discovery to permit the plaintiff in said case to serve subpoenas on

internet service providers to obtain information about the identity of the person/entity to whom

certain internet protocol addresses are assigned".  Said order referenced in paragraph 2 above,

allows said Plaintiff to continue on what seems as a "fishing expedition" to retrieve subscriber

information from internet services providers with no clear path as to the outcome, leaving

unknown defendants including Defendant Doe subject to unknown liability and/or unknown

costs.  However, said motion and/or order does not state the reasons as to why this subpoena is

necessary for this federal civil suit.

Defendant Doe was not the direct recipient of the subpoena at issue in this case, but

instead an end user of WideOpen West (WOW), an Internet service provider (ISP) which was

served the subpoena and notified Defendant Doe via a separate letter.  These subpoenas served

on 944 John Does are seemingly being used as a tool to reveal the personal information of ISP

end users whose Internet Protocol (IP) address is allegedly the source of a copyright infringement of Plaintiff's property. Defendant Doe's ISP states that his or her IP address has been identified as allegedly belonging to one of the defendant "Does" (a place-hold name used when a defendant's true identity is unknown).

However, based on a large volume of accounts by previous defendants of copyright infringement lawyers, such as The McDaniel Law Firm, PC, it has been learned that once the end users are identified, they receive persistent letters and phone calls from the plaintiff's lawyers, demanding amounts ranging from $3,000 to $12,000 to avoid a lawsuit, which opens all John Does to unknown civil liability and/or unknown costs.

Despite the large volume of demand letters and calls, only a handful of court cases have actually resulted with default judgment against defendants who chose not to participate in the judicial process being the ultimate result (see *IO Group, Inc. v Does 1-244,* case 3:10-cv-03647-MEJ). Thus the purpose of the subpoenas and indeed these lawsuits are to extract settlement payments from as large a number of end users who have allegedly committed copyright infringement as possible, subjecting innocent and guilty end users alike to the same monetary demands and, significantly, the risk of severe damage to reputation.

This information was found through various other BitTorrent federal civil cases filed throughout the county including in the Districts of Columbia, California, and Florida. In fact, Plaintiff's attorney has in fact filed similar claims in the District of New Jersey, i.e. *Century Media Ltd. v. Swarm Does 1-2,192* (Case No. 2:12-cv-03867), *Century Media Ltd. v. Swarm Does 1-225* (Case No. 2:12-cv-03869), *Century Media Ltd. v. Swarm Does 1-214* (Case No. 2:12-cv-03870), *Century Media Ltd. v. Swarm Does 1-77* (Case No. 2:12-cv-03911), and *Century Media Ltd. v. Swarm Does 1-3,811* (Case No. 2:12-cv-03912).

**B. Century has now shown Good Cause for Early Discovery.**

The good cause pleaded by Century fails to expose its true intention for filing this lawsuit. Under the threat of exposing the targeted Internet subscriber to the risk of litigation with alleged damages, the copyright owner coerces settlement, without ever actually naming the Internet subscriber in a legal action. Through the mass joinder of 944 perceived Internet users in a single lawsuit, the copyright owner pays only one filing fee to the Court system per action, despite the number of defendant IP Addresses targeted in plaintiff's mass joinder.

Upon information and belief of the business model of similarly situated music content copyright owners across the nation, the copyright owner's attorneys work primarily under a contingent fee agreement; whereby there is no fee charged to the copyright owner if there is no recovery from the targeted Internet subscribers. Further, upon information and belief, the copyright owner's expert witnesses work primarily under a "monetization" agreement, whereby there is no fee if there is no recovery. Thus, there is little to no financial risk to the copyright owner in bringing forth these mass-joinder lawsuits, because the copyright owner's attorneys and expert witnesses are paid largely if not solely by the Internet subscribers accused of allegedly downloading copyrighted material.

This business model, which the plaintiff has adopted, is becoming well known. Indeed, in a widely circulated paper written by District of Columbia Attorney Guity Deyhimy, the author concisely states what the average John Doe defendant is facing when he or she is singled out by the plaintiff, solely for being the account holder of the Internet Subscriber. Guity Deyhimy Copyright Infringement in Cyberspace – Decoding Strict Liability, http://deyhimylaw.com/content/copyright-infringement-cyberspace-decoding-strict-liability (2011).

> These individuals, the Doe defendants, reside throughout the
> United States. Rarely are they actually residents in or near [the
> court in which the lawsuit is proceeding]. A great number of these
> Doe defendants would testify under oath that in fact they did not
> download and have no knowledge of the allegedly unlawful
> download using their respective dynamic IP addresses. The
> specter of substantial legal expenses in defense of a proceeding
> away from home, however, often militates towards an agreement
> to pay between $1000 and $3500, to purchase freedom from
> prosecution against them. *Id.*

Defendant Doe concedes that this Honorable Court has the authority to grant expedited

discovery under Rule 26(d) of the Federal Rules of Procedure. Defendant Doe further concedes

that in limited instances although the Eleventh Circuit has not articulated a set test or criteria for

deciding whether early discovery is warranted, district courts in this Circuit have elected to apply

a good cause standard. *Dell Inc. v. Belgiumdomains, LLC,* No. Civ. 07-22674, 2007 WL

6862341, at *6 (S.D. Fla. Nov. 21, 2007); *Cf Platinum Mfg. Int'l, Inc. v. Uninet Imaging, Inc.,*

2008 WL 927558, at *1 (M.D. Fla. Apr. 4, 2008); *Arista Records LLC v. Does 1-7,* 2008 WL

542709, at *1 (M.D. Ga. Feb. 25, 2008). However, Defendant Doe contends that Century does

not invoke the Court's jurisdiction to seek expedited discovery in good faith, to pursue judicial

adjudication, but solely seeks a means to obtain the names and addresses that correspond to the

IP address is technicians identified to further its business model of promoting coercive

settlements of disputed claims.

This business model uses the threat of federal civil prosecution to obtain pre-service of

process collection or dunning letters with the intent of compelling targeted Internet subscribers to

pay the plaintiff and avoid being named in the already filed lawsuit, and without the intent of

actually litigating in the event of non-payment. Indeed, the vast majority of such lawsuits are

resolved without serving process on a single John Doe. In fact, the law firm that brings forth this

action has previously provided John Does whose information were released to the plaintiff, a demand to procure payment to avoid being named as a defendant, irrespective of the defendant's alleged non-liability status.

In an order entered by United States District Judge Samuel Conti on November 30, 2011, in the United States District Court, Northern District of California, *SBO Pictures, Inc. v. Does 1-3036*, 2011 WL 6002620, (N.D. Cal. Nov. 30, 2011), the court stated that:

> If the Court were to grant Plaintiff's Application, Plaintiff would like send settlement demands to the individuals whom the ISP identified as the IP subscriber. That individual – whether guilty of copyright infringement or not – would then have to decide whether to pay money to retain legal assistance to fight the claim that he or she illegally downloaded sexually explicit materials, or pay the money demanded. This creates great potential for a coercive and unjust settlement.

In a recent Order Denying Application for Leave to Take Expedited Discovery and Severing Does 2-90, entered by United States Magistrate Judge Howard R. Lloyd on March 30, 2012, in the United States District Court, Northern District of California against the plaintiff *Hard Drive Productions, Inc.*, 5:11-cv-03825-HRL (Document 18 therein), the court stated that:

> [It] will not assist a plaintiff who seems to have no desire to actually litigate but instead seems to be using the courts to pursue an extrajudicial business plan against possible infringers (and innocent others caught up in the ISP net). Plaintiff seeks to enlist the aid of the court to obtain information through the litigation discovery process so that it can pursue a non-judicial remedy that focuses on extracting 'settlement' payments from persons who may or may not be infringers. This court is not willing to do. (Order Denying Application for Leave to Take Expedited Discovery and Severing Does 2-90, Pg. 11:21-26.)

The court also notes the lack of good faith in that "no defendant has every been served in one of these mass copyright cases belies any effort by plaintiff to allege that the discovery *will*

lead to identification of and service on the Doe defendants." (Order Denying Application for Leave to Take Expedited Discovery and Serving Does 2-90, Pg. 11:9-11.)

Century seems to be silent on the good faith section. Defendant Doe contends that such silence outweighs and defeats Century's good faith showing that the Court relied upon granting its Motion for Expedited Discovery, which therefore should be withdrawn and the subpoena granted thereunder quashed. For each of the foregoing reasons, Defendant Doe, respectfully moves for an order quashing the Subpoena served on WOW under this Complaint.

### C. Century Has Not Done Significant Investigative Effort to Justify Granting a Subpoena for Subscriber Information From the Internet Service Provider

As noted by previous courts, the use of these cases (and the courts) as a means of obtaining subpoenas to issue settlement letters is well documented ("Fishing Expeditions"). Even when John Doe defendants choose not to settle, the plaintiffs in these cases ultimately fail to name defendants and start further court actions. Many of these types of cases are kept open for as long as possible so the plaintiffs can obtain as much settlement money as possible, before they voluntarily dismiss the case and move onto a new one. Recent developments in a Steele Hansmeier PLLC Case (*First Time Videos v. Does 1-500, case 1:10-cv-06254*), are a prime example where Plaintiff kept the case open for a year without naming a defendant. After voluntarily dismissing defendants a few at time, presumably because they settled, finally on 9 Nov 2011, Steele Hansmeier dismissed all remaining Doe defendants from this case. There is a well-documented history of these types of cases in the Northern Districts of Illinois and California.

The court should also note the very cursory effort Plaintiff has taken to identify the true copyright infringers. As the IP address assigned to each defendant does not resolve to a single culpable individual, simply going after the registered owner of the IP address is irresponsible.

The registered user of the IP address only identifies the person who pays the ISP for Internet

access. There are multiple possibilities as to why the defendant did not infringe Plaintiff's

copyright. Some of the most common scenarios are: home wireless connection (the source of the

IP address) was unsecured or secured with a low level of encryption, resulting in its use by

unauthorized personnel to commit acts of infringement without knowledge of defendant; or

perhaps more even more commonly, home wireless connection was secured but password was

freely given to household members and friends and associates of household members, making it

possible for numerous persons other than defendant to commit acts of infringement without

defendant's knowledge. Without significant additional investigative steps, innocent persons will

inevitably be implicated in infringement activity and pressured to pay settlement amounts or

facea federal lawsuit that not only entails significant legal fees, but also publicly exposes their

possible involvement in a case about adult material, which in itself could cause significant harm

via damage to reputation, professional disgrace, etc.

### D. Century has improperly joined 944 individual defendants based on entirely disparte alleged facts.

Plaintiff's counsel, The McDaniel Law Firm, P.C. is using improper joinder in this mass

lawsuit alleging copyright infringement through BitTorrent. Similar mass law suits in New

Jersey (*BASEPROTECT UG, LTD., a German Corporation v. Does 1-266,* case 2:11-cv-02021-

DMC-JAD).

Many almost identical cases have been dismissed, such as *CP Productions, Inc. v. Does

1-300,* case *1:2010cv06255,* and in this case the court notes before dismissal:

> "[I]f the 300 unnamed defendants have in fact infringed any
> copyrights (something that this court will assume to be the case,
> given the Complaint's allegations that so state), each of those
> infringements was separate and apart from the others. No predicate
> has been shown for thus combining 300 separate actions on the

cheap –if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350."

In another Steele Hansmeier BitTorrent case in Illinois, Judge Harold A. Baker writes in denying the motion for expedited discovery:

"Plainly stated, the court is concerned that the expedited *ex parte* discovery is a fishing expedition by means of a perversion of the purpose of andintent of *Fed. R. Civ. P. 23.*" (*VPR Internationale v. Does 1-1017,case 2:2011cv02068*)

In the Northern District of California, these nearly identical BitTorrent cases have been severed for improper joinder:

- *Pacific Century International LTD v.Does 1-101,case 4:2011cv02533*(severed Does 2-101)
- *IO Group, Inc. v. Does 1-435,case 3:2010cv04382* (severed does 2-435)
- *Diabolic Video Productions, Inc.v. Does 1-2099,case 5:2010cv05865* (severed Does 2-2099)
- *New Sensations, Inc.v. Does 1-1768,case 5:2010cv05864* (severed Does 2-1768)

In yet another nearly identical BitTorrent case, filed in the Northern District of California by Steele Hansmeier (*Millennium TGA, Inc.v. Does 1-21,*case 3:2011cv02258), Judge Samuel Conti found the same joinder problems, and wrote in his order denying request for leave to take early discovery, "this Court does not issue fishing licenses."

And these nearly identical BitTorrent cases in the Northern District of California by the same plaintiff Boy Racer, again represented by Steele Hansmeier, have been severed for improper joinder:

- *Boy Racer, Inc.v. Does 1-52,case 5:2011cv02329* (severed Does 2-52)
- *Boy Racer, Inc.v. Does 1-71,case 5:2011cv01958* (severed Does 2-72)

In a recent order (6 Sep2011) by Judge Bernard Zimmerman, Northern District of California, 5010 John Does were dismissed from *On The Cheap, LLC, v. Does 1-5011, case C10-4472 BZ*, due to improper joinder.  Judge Zimmerman stated the following in his order:

> "This Court does not condone copyright infringement and encourages settlement of genuine disputes. However, Plaintiff's desire to enforce its copyright in what it asserts is a cost-effective manner does not justify perverting the joinder rules to first create the management and logistical problems discussed above and then to offer to settle with Doe defendants so they can avoid digging themselves out of themorass plaintiff is creating."

Plaintiff's joinder of 944 defendants in this single action is improper and runs the tremendous risk of creating unfairness and denying individual justice to those sued. Mass joinder of individuals has been disapproved by federal courts. As one court noted in severing a lawsuit involving 203 defendants:

> "Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . .Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants." *BMG Music v. Does 1-203, caseCiv.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004).*

Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against them must arise from a single transaction or a series of closely related transactions. Specifically:

> "Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."*Fed. R. Civ. P. 20.*

Thus, multiple defendants may be joined in a single lawsuit only when three conditions are met:

(1) the right to relief must be "asserted against them jointly, severally or in the alternative";

(2) the claim must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences"; and

(3) there must be a common question of fact or law common to all the defendants. *Id.*

Joinder based on separate but similar behavior by individuals allegedly using the Internet to commit copyright infringement has been rejected by courts across the country. In *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C.,27Feb2008), the court ordered severance of lawsuit against thirty-eight defendants where each defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same violation of the law in exactly the same way.

Plaintiff may argue that, unlike some of the cited cases, its allegations here are based upon use of the Internet to infringe a single work. While that accurately describes the facts alleged in this case, it does not change the legal analysis. Whether the alleged infringement concerns a single copyrighted work or many, it was committed by unrelated defendants, at different times and locations, sometimes using different services, and perhaps subject to different defenses. That attenuated relationship is not sufficient for joinder. See *BMG Music v. Does 1-203, 2004 WL 953888, at *1.*

Plaintiff has also improperly joined many IP addresses (Doe defendants) that do not reside within the jurisdiction of the court. Plaintiff conducted only a cursory collection of IP addresses and did not try to determine where the IP addresses are physically located. Even with their limited IP address analysis, Plaintiff should have been able determine that many of the IP address were not within the court's jurisdiction.

Many of the Courts that previously heard these types of mass copyright infringement cases have correctly described the activity of mass joining as a "Fishing Expedition" for subscriber information. Plaintiff has no intention of naming any of the Doe defendants, much

less bringing them to an actual trial after they obtain this information and settlement efforts fail. Plaintiff will use the subscriber information obtained from the ISPs to send out settlement letters attempting to scare Doe defendants into paying a couple thousand dollars to make the case go away, regardless of truly being guilty.  The current state of mass copyright infringement cases in the U.S. clearly shows this is the standard business model for these types of cases.

IV.     **Special Appearance to Argue That the Subpoena Should be Quashed Because This Action Should Be Dismissed.**

**(1) Special Appearance Does Not Waive Defects in Personal Jurisdiction**

Without admitting that this Court has jurisdiction over this Defendant Doe, which is in fact denied, Defendant Doe makes this limited appearance solely to argue that a plain reading with the four-corners of the Compplaint reveals that this action should be dismissed or Defendant Doe should be severed for improper joinder, and the Subpoena issued under the Complaint must therefore be quashed.  A defendant may enter a special appearance to contest personal jurisdiction without being subject to the personal jurisdiction of the court.  *Burger King Corp., v. Macshara,* 724 F.2d 1505, 1509 (11th Cir. 1984).

**(2) Improper Pleading: Defendants Are Not Properly Joined.**

"On motion or on its own, the court may at any time, on just terms, add or drop a party. the court may also sever any claim against a party." Fed. R. Civ. P. 21.  Federal Rule of Civil Procedure 20(a)(2) provides, in relevant part:

> (2) Defendants.
> Persons—as well as a vessel, cargo, or other property subject to admiralty process in rem—may be joined in one action as defendants if:
>> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

(B) any questions of law or fact common to all defendants
will arise in the action.

Fed. R. Civ. P. 20(a)(2).  "[T]he central purpose of Rule 20 is to promote trial convenience and

expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Alexander v.*

*Fulton Cnty.,* Ga., 207 F.3d 1303, 1323 (11th Cir. 2000).  "Under the Rules, the impulse is

toward entertaining the broadcast possible scope of action consistent with fairness to the parties;

joinder of claims, parties and remedies is strongly encouraged." *United Mine Workers v. Gibbs,*

383 U.S. 715, 724 (1966).  "The Federal Rules, however, also recognize countervailing

considerations to judicial economy." *Alexander,* 207 F.3d at 1324.  A motion for joinder may be

denied if it would result in "prejudice, expense or delay."  7 Charles Alan Write, et. al., Federal

Practice and Procedure § 1652, at 396 (2001).  "The district court has broad discretion to join

parties or not and that decision will not be overturned as long as it falls within the district court's

range of choices." *Swan v Ray,* 293 F.3d 1252, 1253 (11th Cir. 2002).

   Numerous courts have found that alleged copyright infringement through the use of P2P

networks is insufficient to sustain permissive joinder. See *Hard Drive Prods., Inc. v. Does 1—*

*188,* 2011 WL 3740473, at \*7-9 (N.D. Cal. Aug. 23, 2011) (analyzing pre-BitTorrent P2P case

law).  Courts, however, have struggled to uniformly apply this case law to actions involving the

use of BitTorrent technology. *Liberty Media Holdings, LLC v. Does 1-38 et al.,* No. Civ. 1:11-

cv-21567-KMM, Opinion and Order, at \*3 (S.D. Fla. Nov. 1, 2011).  Consequently, courts have

split as to whether joinder under Rule 20 is appropriate in actions alleging copyright

infringement against a BitTorrent swarm. *Id.*  (citing *Hard Drive Prods., Inc. v. Does 1-55,* 2011

WL 4889094 at \*5 (N.D. Ill. Oct. 12, 2011) (finding joinder appropriate)); *Donkeyball Movie,*

*LLC v. Does 10-1520,* 2011 WL 1807452, at \*4 (D.D.C. May 12, 2011) (same).  But see *Hard*

*Drive Prods., Inc. v. Does 1-30,* 2011 WL 4915551, at *4 (E.D. Va. Oct. 17, 2011) (finding

joinder inappropriate); *Hard Drive Prods., Inc.,* 2011 WL 3740473, at *7-15 (same).

      In *Hard Drive Prods., Inc.,* the court analyzed whether joinder of 188 defendatns alleged

to be members of the same BitTorrent swarm was appropriate.  In support of the court's decision

finding misjoinder, the court stated:

> Does 1-188 did not participate in the same transaction or
> occurrence, or the same series of transactions or occurrences.
> Under the BitTorrent Protocol, it is not necessary that each of the
> does 1-188 participated in or contributed to the downloading of
> each other's copies of the work at issue—or even participated in or
> contributed to the downloading by any of the Does 1-188.  any
> "pieces" of the work copied or uploaded by any individual Doe
> may have gone to any other Doe or to any of the potentially
> thousands who participated in a given swarm.  The bare fact that a
> Doe clicked on a command to participate in the BitTorrent
> Protocol does not mean that they were part of the downloading by
> unknown hundreds or thousands of individuals across the country
> or across the world.

*Id*, at *13.

      The *Hard Drive Prods., Inc.* court cited an exhibit submitted by the plaintiff that detailed

the defendants' BitTorrent activity.  The activity of the defendants occurred on "different days

and times over a "two-week period," and according to the court, this supported the court's

finding that though the defendants may have participated in the same swarm, there was "no

evidence to suggest that each of the (defendants) 'acted in concert' with all of the others."  *Id.*

      In the instant case, details that the alleged BitTorrent activity complained of occurred

over a substantial amount of time.  This fact alone does not imply that purported defendants, and

in particular that Defendant Doe participated in a civil conspiracy to illegally reproduce and

distribute the music; or were collectively engaged in a conspiracy even if they were not engaged

in the swarm; or engaged in a concerted action with other Defendants and yet unnamed

individuals to reproduce and distribute Plaintiff's music; or conspired to provide other individuals with pieces of the music; or intentionally engaged in contributing to each other's infringing conduct. Merely participating in a BitTorrent swarm does not equate to participating in the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20; see *LaFace Records, LLC v Does 1-38,* 2008 WL 544992, at *7 (E.D.N.C. Feb. 27, 2008) ("Merely committing the same type of violation in the same way does not link defendants together for purposes of joinder.")

Under circumstances substantially similar to the allegations made in the instant case, District Courts in this Circuit have found that joinder of unnamed IP addresses alleged to have unlawfully participated in BitTorrent file sharing should not be joined in the same lawsuit because the alleged conduct does not meet the same" transaction, occurrence, or series of transactions or occurrences," requirements set under Rule 20. Fed. R. Civ. P. 20. See *Liberty Media Holdings, LLC v. Does 1-38 et al.,* No. Civ. 1:11-cv-21567-KMM, Opinion and Order (S.D. Fla. Nov. 1, 2011). Indeed, the argument set forth above follows and is consistent with the U.S. Southern District Court's Opinion and Order entered as in *Media Holdings, LLC v. Does 1-38 et al.,* No. Civ. 1:11-cv-21567-KMM (Docket No. 40 thereto).

Permissive joinder of defendants would likely prejudice Defedant Doe, due to the numerous logistical burdens that would arise. See *Hard Drive Prods., Inc. v. Does 1-188*, 2011 WL 3740473, at *14 (N.D. Cal. Aug 23, 2011) ("[E]ach defendant must serve each other with all pleadings—a significant burden when, as here, many of the defendants will be appearing pro se and may not be e-filers. Each defendant would have the right to be at each other defendant's deposition—creating a thoroughly unmanageable situation. The courtroom proceedings would be unworkable—with each of the [Defendants] having the opportunity to be present and address

the court at each case management conference or other event.  Finally, each defendant's defense would, in effect, require a mini-trial").  *Liberty Media Holdings, LLC v. Does 1-38 et al.,* No. Civ. 1:11-cv-21567-KMM, Opinion and Order (S.D. Fla. Nov. 1, 2011) (citing *Hard Drive Prods., Inc.,* 2011 WL 3740473, at *14.)

Accordingly, permissive joinder of defendants in this action does not satisfy Rule 20(a), such that the action should be dismissed or the defendants should be severed and the Subpoenas should be quashed.

### V.   Request to File Under Anonymous Name Defendant Doe

Defendant Doe asserts that he or she did not infringe the copyrighted work cited by Plaintiff and was not familiar with it until receiving the letter from WOW.  Defendant Doe respectfully requests that he or shee be allowed to file this motion without revealing their personal identifying subscriber information, due to many copyright infringement lawyers selectively prosecuting every "Doe" who attempts to file a motion to quash the subpoena.  In fact, at least one such lawyer has stated publicly that this is so, and that the intention is to stop other Defendant Does from filing said motions.  This lawyer, who filed multiple cases nearly identical to this one, states the following in a court document:

> "Plaintiff was voluntarily dismissing movants who were seeking to sever Doe Defendnats and suing them individually in the hopes that by doing so it would cause future Doe Defendnats in similar litigations in this District and around the country to stop filing these motions…Plaintiff has every intention of suing every one of the movants that file a motion to sever and proceeding to trial if necessary." (*Patrick Collins, Inc. v. John Does 1-58, case 3:11-cv-00531-JAG*).

Such a statement implies that every Defendant Doe's motion to quash is deemed to be illegitimate, and that only the guilty would request subpoenas quashed, but all defendants have an interest in not being named in a court case and in not being harassed to settle.  Indeed,

innocent defendants have arguably a better reason to file than those guilty and those reasons

being to avoid being wrongfully connected to a copyright infringement case which could likely

severely damage their reputation, economics, and/or livelihood.

Further, the Plaintiff quoted in the *Collins* case was asked by the Honorable John Gibney

Jr. to show why they should not be sanctioned for violating Rule 11(b) of the Federal Rules of

Civil Procedure on "representations to the court," for an almost identical case (*K-Beech, Inc., v.*

*John Does 1-85, case 3:11-cv-00469-JAG*).

The Plaintiff in the instant case will argue that this motion should be dismissed because it

was filed anonymously.  However, as the example cited earlier makes clear, the reason for

requesting anonymity for this motion is because Defendant Doe fears this type of selective

retaliation by Plaintiff.  Indeed, Defendant Doe is concerned about being singled out and made

an example of.

By filing this motion anonymously, Defendant Doe draws attention to Plaintiff's tactics

in pursuing this case and similar copyright infringement cases.  Had this motion been filed under

true name or IP address, Defendant Doe would almost certainly be singled out by Plaintiff for

selective prosecutions, as the lawyer in the cited case explicitly described.  This persecution

would then have more to do with using one individual who dared file a motion as an example to

other defendants who do not settle with Plaintiff, regardless of guilt, and less to do with the

alleged copyright infringement.

## VI.    Conclusion.

It is clear that the intention of the Plaintiff in this case is to maximize monetary return from

coerced settlements, filing court cases to extract the personal information needed to carry out a

comprehensive collections effort. It is a collections effort that leverages individuals' fear of

being accused in open court of allegedly downloading the musical content, and a targeted

settlement amount that provides a financial incentive that appears to make settlement more attractive than the cost of litigation, even for innocent individuals .On top of that, in many examples of nearly identical lawsuits, the cases are dropped without being litigated, showing that plaintiffs in these cases are keeping cases open for their collections effort, but not to engage in actual litigation based on legal merits, as that would significantly increase their costs and offset monies gained via settlements.

Additionally, this litigation strategy relies on highly suspect procedure, a point that has been the basis of numerous decisions by other courts to sever all but a single defendant or dismiss similar cases altogether. Like in those cases, the improper joining of 944 Doe defendants into this one lawsuit raises serious questions of individual fairness and individual justice.

As Plaintiff does not intend to conduct further investigative effort and only wishes to engage in a massive collections effort against defendants regardless of guilt, Defendant Doe respectfully request the Court dismiss the subpoena requiring the ISP provide personal subscriber information on all John Doe defendants. In addition, Defendant Doe respectfully request the court sever Doe defendants 2-152from this case, as there is no evidence to show that all the Doe defendants acted together and they are thus incorrectly joined (seeFed. R. Civ. P. 21).

Defendant Doe, prays for an order against Plaintiff, Century Media, Ltd., that quashes the Subpoena served upon WideOpen West (WOW) by Century Media, Ltd., or at least that portion of the Subpoena that pertains to parties whom reside in the State of Michigan, that Defendant Does of the State of Michigan, be dismissed from this action, that this action be dismissed with or without prejudice, that plaintiff, Century Media, Ltd., take nothing by way of its Complaint,

that Defendant Doe go hence without day, and that this Honorable Court grant such other and

further relief as it may deem equitable and just under the circumstances.

Respectfully Submitted by:

**DEFENDANT JOHN DOE**


By: /s/ Defendant John Doe
State of Michigan
Pro Se

# EXHIBIT A



**It's that kind of experience.**

September 12, 2012



**Re:** *Century Media v. John Does 1-944*, Civil Action No. 2:12-cv-03868 FSH-PS;
**Subpoena and Court Order to Provide Customer Information**

Dear

### IMPORTANT NOTICE REGARDING ISSUANCE OF SUBPOENA
### SEEKING DISCLOSURE OF YOUR IDENTITY

We have received a Subpoena in the referenced case to disclose certain customer information (name, address, telephone number and MAC address) associated with IP Address                , used on                , as further described in the Subpoena issued to us by the McDaniel Law Firm, PC. The Subpoena was issued to us in accordance with an Order issued by Judge Patty Shwartz. We have attached the Subpoena and related Court Order.

WOW is not a party to this lawsuit, and has taken no part in this filing. We are, however, legally required to respond to the Subpoena. We cannot provide legal advice to you on this matter.

In accordance with the Order, if you wish to move to quash the Subpoena, you must do so two (2) business days before the return date of the subpoena, which is **October 9, 2012**. Please be advised that, unless WOW is served with a motion to quash signed by the court on or before **October 5, 2012**, we intend to provide the requested information. If you intend to take actions to modify or quash the Subpoena before we respond, motion papers signed by the court can be served upon WOW via Fax number 630-536-3108 immediately, and we will withhold the information pending the Court's consideration of your motion.

Very truly yours,

David Walden
Vice President, IT
WOW Internet, Cable and Phone

**EXHIBIT B**

THE MCDANIEL LAW FIRM, PC
54 Main Street
Hackensack, New Jersey 07601
(201) 845-3232
(201) 845-3777 (Facsimile)
*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT COURT OF COLORADO

| | |
|---|---|
| In the matter of<br><br>CENTURY MEDIA LTD.,<br><br>                Plaintiff,<br><br>      v.<br><br>JOHN DOES 1-944, such persons being<br>presently unknown participants and<br>members of a joint enterprise, and<br>SWARM # 4234C, a joint enterprise,<br><br>              Defendants. | **UNITED STATES DISTRICT COURT**<br>**FOR THE DISTRICT OF NEW JERSEY**<br><br>Civ. Action. No. 2:12-cv-03868(FSH)(PS)<br><br><br>**SUBPOENA TO PRODUCE**<br>**DOCUMENTS, INFORMATION OR OBJECTS** |

TO:   **WideOpenWest**
        ATTN: Dave Walden
        1674 Frontenac Road
        Naperville, Illinois 60563

**YOU ARE COMMANDED** to produce to The McDaniel Law Firm, PC, 54 Main Street,
Hackensack, New Jersey 07601, the names and physical addresses only of the Internet account
owners identified by the Internet Protocol addresses and date and time of use listed in the
schedule attached hereto as **Exhibit A.**

The production shall be conducted according to the terms of the Order attached hereto as
**Exhibit B.**

The provisions of Fed. R. Civ. P. 45(c), relating to your production as a person subject to a subpoena, and Rule 45(d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

DATED: August 16, 2012        THE MCDANIEL LAW FIRM, P.C.

By: *Bonnie C. Park*

Bonnie C. Park, Esq.
*Attorneys for Plaintiff*

2

**EXHIBIT C**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

CENTURY MEDIA LTD.      :

      Plaintiff      :     Civil Action No. 12-3868 (FSH)

    v.                :

SWARM 4234C, et al.      :       **ORDER**

      Defendant      :

This matter having come before the Court by way of plaintiff's motion to expedite discovery to permit plaintiff to serve subpoenas on internet service providers to obtain information about the identity of the person/entity to whom certain internet protocol addresses are assigned;

and the Court having considered the submission, the claims, and governing law;

and for the reasons set forth in the Opinion delivered on the record on July 18, 2011;[1]

and for good cause shown,

IT IS ON THIS 18th day of July, 2012

ORDERED the motion to expedite discovery to permit serving subpoenas on internet service providers to obtain information about the identity of the person/entity to whom the specific internet protocol addresses set forth on Schedule B to the Complaint are assigned [ECF No. 7] is granted. Service of the subpoenas shall comply with the Federal Rules of Civil Procedure. Information obtained from the internet service providers shall only be used for the purpose of this litigation and the plaintiff shall provide copies of the responsive information

---

[1] A transcript of the Opinion may be obtained by contacting King Transcription Service at 973-237-6080.

## EXHIBIT B

concerning the specific defendant who enters an appearance in this case;[2]

IT IS FURTHER ORDERED that the plaintiff shall present subpoenas issued from this Court for its review and "So Ordered" endorsement if same is requested by the internet service provider;

IT IS FURTHER ORDERED that the request that this Court enter orders concerning the costs or to compel an internet service provider to comply before the subpoenas are served is denied;

IT IS FURTHER ORDERED that nothing herein constitutes a ruling concerning whether joinder of multiple defendants or venue is appropriate or if personal jurisdiction exists over any defendant who may be named in this case; and

IT IS FURTHER ORDERED that the plaintiff shall serve a copy of this Order upon the internet service providers.



_____s/Patty Shwartz_____
UNITED STATES MAGISTRATE JUDGE



_____

[2] If the plaintiff files an Amended Complaint to substitute a John Doe defendant with the proper name of a defendant, then it shall ensure it has a factual basis for the assertion that such defendant engaged in the alleged acts.  By permitting this discovery, the Court is not necessarily finding that plaintiff may rely soley on the fact that the person identified as the subscriber associated with the internet protocol address to prove that such person engaged in the acts set forth in the Complaint.

# EXHIBIT B

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing document was served on all parties

on this date of September 26, 2012 to the following entities via facsimile and U.S. Mail:


WideOpen West (WOW): facsimile number as requested: 630-536-3108

U.S. District Court of New Jersey
Newark Office
Martin Luther King Building and U.S. Courthouse
50 Walnut Street Room 4015
Newark NJ 07101

The McDaniel Law Firm, PC
54 Main Street
Hackensack, NJ 07601

By: /s/ Defendant John Doe
State of Michigan
Pro Se

CERTIFIED MAIL

7008 1140 0000 8326 2895

UNITED STATES
POSTAL SERVICE
1000
07101

U.S. DISTRICT COURT OF NEW JERSEY
NEWARK OFFICE
MARTIN LUTHER KING BLDG.
AND U.S. COURTHOUSE

50 WALNUT STREET; ROOM 4015
NEWARK, NJ 07101

RETURN RECEIPT
REQUESTED