Peter C. Dee, Esq.
Mavronicolas Mueller & Dee LLP
950 Third Avenue, 10th Floor
New York, New York 10022
(T) 646.770.0024
(F) 866.774.9005
pdee@mavrolaw.com
Local Counsel for ISP Subscriber (IP Address 24.23.36.165)


Nicholas Ranallo, Attorney at Law #275016
371 Dogwood Way
Boulder Creek, CA 95006
Telephone No.: (831) 703 - 4011
Fax No.: (831) 533-5073
Email: nick@ranallolawoffice.com
Attorney for ISP Subscriber (IP Address: 24.23.36.165)
*Pro Hac Vice Application Pending*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CENTURY MEDIA, LTD. | Case No. 2:12-cv-03868-FSH-PS |
| Plaintiff, | |
| | **MEMO IN SUPPORT OF MOTION TO PROCEED ANONYMOUSLY** |
| v. | |
| JOHN DOES 1-944 | Magistrate Judge Patty Shwartz |
| | Date: November 5, 2012 |
| Defendants. | Courtroom: PO 10 |

### I.    Introduction

Movant herein is the ISP account holder associated with IP address 24.23.36.165

(putative John Doe #213) in the above-captioned matter.   Movant's identifying

information is presently being sought by the Plaintiff, and Movant has filed a motion to

challenge the release of such information to the Plaintiff. Movant is presently in a "Catch-22" situation. Unless this court grants the instant limited motion to proceed anonymously, Movant would be forced to reveal his identity in order to file a motion to keep Plaintiff from obtaining that identity. Movant herein is not requesting the ability to proceed anonymously throughout the course of this litigation, if it continues vis a vis the Movant. Movant requests only that he be allowed to proceed anonymously until a determination of the merits of his previously filed motion.

## II.    Legal Authority

A district court has broad discretion when deciding whether to grant a litigant's request to proceed anonymously. *Doe v. C.A.R.S. Protection Plan, Inc.,* 527 F.3d 358, 371 (3d. Cir. 2008). Courts in the Third Circuit have considered a litigant's right to proceed anonymously numerous circumstances, and "have primarily relied on a test for the use of pseudonyms set forth in *Doe v. Provident Life and Acc. Ins. Co.*, 176 F.R.D. 464,467 (E.D. Pa. 1997)" *Doe v. Megless,* 654 F.3d 404, 409 (3d Cir. 2011). *Provident* set forth a non-exhaustive list of factors to be weighed in considering requests to allow a litigant to proceed anonymously. Although *Provident* involved a Plaintiff's request to litigate anonymously (for the entire length of the litigation), the factors are nonetheless helpful in analyzing the instant motion. The factors favoring anonymity include:

> "(1) the extent to which the identity of the litigant has been kept confidential; (2) the bases upon which disclosure is feared or sought to be avoided, and the substantiality of these bases; (3) the magnitude of the public interest in maintaining the confidentiality of the litigant's identity; (4) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities; (5) the undesirability of an outcome adverse to the

pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified; and (6) whether the party seeking to sue pseudonymously has illegitimate ulterior motives." *Provident,* 654 F.3d at 467-68.

The factors identified in *Provident* as weighing against anonymity include:

"(1) the universal level of public interest in access to the identities of litigants; (2) whether, because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities, beyond the public's interest which is normally obtained; and (3) whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated." *Id.*

The *Provident* court and the Third Circuit have recognized that the list of factors above is not comprehensive, and that trial courts "will always be required to consider those [other] factors which the facts of the particular case implicate." *Doe v. Megless,* 654 F.3d 404, 409 (3d Cir. 2011), citing *Provident,* 654 F.3d at 468.

### III.   Argument

Movant herein requests a limited right to proceed anonymously until this court decides the Motion to Quash, Sever, and/or Dismiss that was previously filed on his behalf.  The purpose of the Motion to Quash is to prevent the Plaintiff from obtaining Movant's personally identifying information and requiring Movant to divulge that information in order to file a motion to protect that information would, essentially, leave Movant (and the Does in his position) without any avenue to challenge the release of such information.

An analysis of the *Provident* factors counsels in favor of granting the instant request.  First, Movant's identity is thus far completely confidential, and is unknown even

to Plaintiff.  Indeed, the purpose of the pending Motions to Quash, Sever, and Dismiss (hereinafter "Motion to Quash") is to maintain this confidentiality.

The second factor examines the basis upon which disclosure is feared.  In the instant case, (as more fully explained in the Motion to Quash) Movant fears that if his identity is released, he will be subject to threats of an illegitimate lawsuit in a foreign jurisdiction.  Movant argues that this court should not release his information to the Plaintiff, let alone the general public, as the instant suit was improperly filed against 944 unrelated individuals from across the country.  Moreover, Plaintiff must admit that the ISP subscriber is not necessarily the infringer of its copyright, and Movant here is not an infringer.  Movant fears being unfairly identified as a copyright infringer by virtue of his status as an ISP subscriber and his decision to challenge the subpoenas it issue herein.

The third *Provident* factor likewise weighs in favor of Movant's limited request to proceed anonymously.  There is undoubtedly a public interest in allowing individuals to contest the release of their own personal information, and a third party has standing to challenge any subpoena requiring the release of that individual's personal or proprietary information.  In order to vindicate those rights in the context of the instant matter, it is necessary for the Movant to challenge the subpoena requiring the release of his information.  To require the Movant to divulge such information in order to attempt to protect it would render any right to challenge a subpoena wholly illusory.

The fourth *Provident* factor also supports Movant's limited request.  The fourth factor asks whether "because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigant's identities."

4

*Provident,* 654 F.3d at 467-68.  In the instant case, Movant requests anonymity solely for the limited purpose of challenging the legal basis for the subpoena requesting the Movant's identity.  As noted, Movant does not seek to actually litigate this case anonymously, should Plaintiff succeed in obtaining Movant's identity and choose to serve the Movant as the actual infringer of its copyright, whether in New Jersey (where personal jurisdiction is nonetheless improper) or in the Movant's own state of California.  The questions at this stage are purely legal and limited to narrow issues.  As such, there is a weaker public interest in knowing the litigant's identities at this stage in the litigation.

The fifth *Provident* factor is the most important in the instant case.  The fifth factor examines "the undesirability of an outcome adverse to the pseudonymous party and attributable to his refusal to pursue the case at the price of being publicly identified."  *Id.*  Although framed in terms of an anonymous Plaintiff, the essential question is whether the party requesting anonymity would choose to forego their rights under the law in order to remain anonymous.  Here, Movant's entire goal in filing the Motion to Quash, Sever, and Dismiss would be undermined if he was forced to reveal his identity in order to pursue the motion.   Movant would prefer to withdraw the motion than to reveal his identity, and therefore any requirement that he reveal his identity would essentially leave him without an avenue to contest a subpoena seeking his own information.  As noted in the Motion to Quash, a Doe has standing to contest such a subpoena, but such standing would be rendered totally illusory if there is no effective way for the Doe to bring any challenge.  Therefore, the fifth factor and the interest of justice way heavily in favor of granting the instant limited request.

5

The final *Provident* factor to be examined in favor of an application to proceed anonymously is "whether the party seeking to sue pseudonymously has illegitimate ulterior motives."  Movant herein, although not the party seeking to sue, is the party seeking relief.  Movant does not seek this relief for any illegitimate purpose or ulterior motive.  Indeed, Movant's bases for filing the Motion to Quash, Sever, and Dismiss are fully detailed in that motion, and are based on specific legal objections to the instant suit, including problems with personal jurisdiction and joinder.  In the event that the Court is not willing to grant his Motion to Quash, then Movant would have no objection to proceeding under his actual name at that point.

In addition to the *Provident* factors weighing in favor of anonymity, the court in *Provident* also recognized three factors that could weigh against anonymity.  None, however, is particularly applicable to the present case.  The first factor is "the universal level of public interest in access to the identities of the litigants."  Indeed, this factor is implicated by virtually any request to proceed anonymously, though no more so in the instant case than in any other.  The case presently involves 944 unidentified individuals, and the public has no more interest in learning the identities of the few who have chosen to contest the subpoenas then the hundreds who have not.  Those who have not chosen to contest the subpoenas will continue to remain anonymous, at least until the complaint is amended to include their names.  By this time the Court will (likely) have decided the Movant's pending motion, instant request to proceed anonymously will no longer be applicable, and the public will not be deprived of John Doe #213's identity any longer than any other "Doe" in this case.

The second factor weighing against anonymity is not applicable to the present case.  It asks whether, "because of the subject matter of this litigation, the status of the litigant as a public figure, or otherwise, there is a particularly strong interest in knowing the litigant's identities..."  The Doe defendants in the instant matter are not public figures – they are merely internet account holders.  There is no particularly strong reason why the public would want to know the identities of the litigants at this stage by virtue of the John Does themselves.  Likewise, the subject matter of the instant suit does not involve matters of particular public interest or public policy – this case is a copyright dispute between private parties.  Thus, this factor does not weigh against anonymity in the present case.

The final factor to be considered in deciding whether to allow Movant to proceed anonymously for the present time is "whether the opposition to pseudonym by counsel, the public, or the press is illegitimately motivated."  ."  *Id.*  Here, Movant does not claim that any opposition to the limited use of a pseudonym by anyone is illegitimately motivated – only that adhering to the letter of the law, instead of its spirit, would work a manifest injustice in the present circumstances, and would essentially deprive the Movant (and all Doe defendants) of a meaningful opportunity to contest the release of their personally identifying information.

The final consideration is that, as noted above, the *Provident* factors are not exhaustive, and the trial court should consider the facts of each case independently.  Movant particularly stresses the limited nature of his request in the instant matter, and the absence of any effective avenue to challenge the subpoenas at issue if he is not allowed to proceed anonymously, at least for the time being.  Plaintiff will not suffer any prejudice

due to Movant's request.  As such, the balance of equities falls heavily in favor of anonymity in the present case, and Movant respectfully requests that this Court grant his limited request.

### IV.    Conclusion

Movant is an ISP subscriber seeking anonymity for the limited purpose of contesting the release of his personal information to the Plaintiff.  The reasons for contesting such release are fully set out in the previously-filed Motion to Quash, Sever, and Dismiss, and Movant herein requests to proceed anonymously until determination of the previously filed motion.  To require the Movant to reveal his personally identifying information in an attempt to protect such information would set up the ultimate "Catch-22", and would practically prevent unidentified Does from mounting any legal challenge to the release of their personal information.  This Court has the power to allow the Movant to proceed anonymously for a limited time, and Movant respectfully requests that this court grant his application to proceed anonymously pending the outcome of the Motion to Quash, Sever, and Dismiss.

October 8, 2012

Respectfully Submitted,

MAVRONICOLAS,   MUELLER,   &
DEE, LLP

/s/ Peter Dee

Peter C. Dee
Mavronicolas Mueller & Dee LLP
950 Third Avenue, 10th Floor

New York, New York 10022
(T) 646.770.0024
(F) 866.774.9005
pdee@mavrolaw.com
Local Counsel for Doe #213

*and*

Nicholas Ranallo, Attorney at Law
371 Dogwood Way,
Boulder Creek, CA 95006
(t) 831.703.4011
(f) 831.533.5073
nick@ranallolawoffice.com
PHV Application Pending